|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHHOUY CHHOUN, | ) Civil No. 07CV1407 JAH(JMA) |
| --- | --- |
| Petitioner, | ) |
| v. | ) **ORDER OVERRULING** |
|  | ) **PETITIONER'S OBJECTIONS;** |
| KATHY MENDOZA POWER, | ) **ADOPTING THE MAGISTRATE** |
|  | ) **JUDGE'S REPORT; GRANTING** |
| Respondent. | ) **RESPONDENT'S MOTION TO** |
|  | ) **DISMISS; AND DISMISSING THE** |
|  | ) **PETITION FOR WRIT OF HABEAS** |
|  | ) **CORPUS AS UNTIMELY** |

## INTRODUCTION

Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to Title 28, United States Code, Section 2254, challenging the decision to deny him parole. Respondents filed a motion to dismiss the instant petition as untimely, to which petitioner filed an opposition. The Honorable Jan M. Adler, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the motion to dismiss be granted. Petitioner filed objections to the Report. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court OVERRULES petitioner's objections; ADOPTS the magistrate judge's Report; GRANTS respondents' motion to dismiss; and DISMISSES the petition for writ of habeas corpus as untimely.

//

//

## BACKGROUND[1]

Petitioner's conviction at issue here occurred on June 27, 1995, after an agreed upon non-jury trial that resulted in a conviction for second degree murder with enhancements with the use of a firearm in exchange for the dismissal of the 16 remaining counts. Petitioner filed a notice of appeal of that conviction on June 28, 1995 and the California Court of Appeal affirmed the conviction in a reasoned opinion filed July 12, 1996. Petitioner did not file a petition for review of that denial before the California Supreme Court.

On September 21, 1998, petitioner filed a petition for writ of habeas corpus before the San Diego Superior Court challenging his June 27, 1995 conviction on the grounds that the trial court erred in failing to provide a Cambodian interpreter and that he was afforded ineffective assistance of counsel for failing to object to hearsay evidence at the preliminary hearing that had formed the basis of his "slow plea." The San Diego Superior Court denied the petition as untimely on October 15, 1998. The same claims were then raised by petitioner in a petition filed before the California Court of Appeal on March 28, 2001. That petition was denied as untimely and on the merits on June 26, 2001.

Petitioner then filed, on March 27, 2006, another petition for writ of habeas corpus before the San Diego Superior Court alleging the claims he presents in the instant petition: ineffective assistance of counsel due to failure to request a Cambodian interpreter during the non-jury trial and trial court error due to failure to provide a Cambodian interpreter at trial. The San Diego Superior Court denied that petition on May 22, 2006 for lack of a *prima facie* showing for relief, for raising claims previously raised and denied, and for failing to justify the eleven year delay in presenting his claims. The same claims were presented again by petitioner in a habeas petition filed on June 23, 2006 before the California Court of Appeal. The California Court of Appeal denied that petition, concluding the petition was procedurally barred as untimely, the issues presented had been

---

[1] As the magistrate judge notes, the procedural history in this case is complicated. *See* Report at 1. The Report sets out a thorough review of that history and, therefore, this Court will not be repeat that history *ad nauseam* here. Instead, a general outline of the pertinent facts is presented.

previously raised and denied and petitioner had failed to present a *prima facie* claim for relief. Petitioner's last collateral attack on this conviction in state court occurred on December 4, 2006, when petitioner filed a petition for writ of habeas corpus before the California Supreme Court alleging the same claims presented in the instant case. The California Supreme Court denied that petition on May 16, 2007, citing In re Robbins, 18 Cal.4th 770, 780 (1998)(petitioner must show good cause for substantial delay) and People v. Duvall, 9 Cal.4th 464, 474 (1995)(petitioner must state a *prima facie* case for relief to avoid summary denial of petition).

The instant petition was filed in this Court on August 1, 2007, alleging the same two claims presented in his final three petitions filed in state court.[2] Respondent filed a motion to dismiss the petition as untimely on November 20, 2007 and petitioner filed his opposition to the motion on December 20, 2007. The Report was issued on April 21, 2008. Petitioner's objections to the Report were filed on May 16, 2008. Respondent did not file a reply to petitioner's objections.

## DISCUSSION

### 1. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, Section 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

//
//

---

[2] Although petitioner alleges three other claims for relief but those claims are subsumed by the first two claims presented in the petition.

**2, Analysis**

Respondent moves to dismiss the petition on the grounds that the petition was untimely filed. The magistrate judge found the petition untimely and, thus, recommended that respondents' motion be granted.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In the Ninth Circuit, the period of "direct review" includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari regardless of whether the petitioner seeks such review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). AEDPA's statute of limitation is subject to statutory tolling which tolls the statute during the time petitioner is pursuing his state post-conviction remedies. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also subject to equitable tolling. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. (quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)). The burden is on the petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

The magistrate judge found that, in this case, direct review ended on August 22, 1996, the last day allotted for petitioner to file a petition for review of his conviction in the California Supreme Court. *See* Cal. Rules of Court, Rules 8.264(b) & 8.500 (Court

of Appeal decision is final 30 days after filing; petitioner has 10 days thereafter to petition California Supreme Court for review).[3] Thus, the magistrate judge found the statute of limitations for filing a federal habeas petition began to run on August 22, 1996, 40 days after the California Court of Appeal affirmed petitioner's conviction, and expired on August 23, 1997. *See* Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001)(applying Rule 6 of the Federal Rules of Civil Procedure in calculating AEDPA's one-year statute of limitations period). Because petitioner did not file his federal petition until August 1, 2007, almost ten years after the federal statute of limitations had expired, the magistrate judge found the instant petition is untimely, absent tolling of the limitations period, because the one-year statute of limitations had already expired when petitioner filed his federal petition. The magistrate judge further found that statutory tolling[4] does not apply because petitioner did not seek collateral review until September 21, 1998, more than one year after the statute of limitations expired. *See* Calderon v. United States District Court, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by* Calderon v. United States District Court, 163 F.3d 530 (9th Cir. 1998).

Although petitioner argued, in opposition to respondent's motion to dismiss, that equitable tolling should be applied due to "new information" discovered in 2004 that had an effect on which of petitioner's convictions was considered "controlling" by the California prison system and based on allegedly negligent conduct by his post-conviction attorney, the magistrate judge concluded that the arguments failed to demonstrate

---

[3] Although a remittitur was filed by the Clerk of the Court of Appeal on September 12, 1996, which acted to deprive the California Court of Appeal of jurisdiction to take further action in the matter of Petitioner's appeal, the remittitur had no effect on the procedural deadline for petitioner's filing of a petition for review in the California Supreme Court. *See* Cal. Penal Code § 1265.

[4] AEDPA's statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. 2244(d)(2). However, no tolling occurs when the state habeas petition is filed after the one-year statutory period has expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Petitioner's first petition for writ of habeas corpus was filed before the San Diego Superior Court on September 21, 1998, more than one year after the federal statute of limitations had expired on August 23, 1997. Thus, the filing of that petition, or any other petition filed subsequently by petitioner, did not statutorily toll the already-expired limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See* Therefore, only equitable tolling is available to petitioner.

diligence in seeking federal habeas relief earlier nor that there was an impediment to his filing a timely federal habeas petition that rose to the level of extraordinary circumstances beyond petitioner's control warranting equitable tolling. Specifically, the magistrate judge points out that the claims presented by petitioner in the instant petition have no relation to the "new information" discovered in 2004 but, instead, the claims in the petition are the same as those presented in his 1998 habeas petition before the San Diego Superior Court. Thus, the magistrate judge found petitioner's claims concerning evidence discovered in 2004 could not justify petitioner's late filing because petitioner was clearly aware of the issues presented in the instant petition as early as 1998, when he presented those claims in his state habeas petition. The magistrate judge further points out that the conduct by post-conviction counsel's of which petitioner complains fails to meet the standard of egregious conduct justifying a finding of equitable tolling because, at most, the conduct appears to be simply negligent. Based on these findings, the magistrate judge concluded that equitable tolling was not warranted.

Petitioner filed objections to the magistrate judge's report. *See* Doc. # 12. However, petitioner does not specifically object to any particular portion of the magistrate judge's findings but, instead, presents nothing but arguments in further support of the contentions presented in his opposition. For example, petitioner reasserts his claim concerning the "new information" discovered in 2004, pointing out that he filed various habeas petitions seeking relief after receipt of that information, thus demonstrating "he is diligently pursuing his legal claims in every necessary legal procedure [as] soon as he discovered the actual case he is currently serving time on ..." Id. at 2-3. Petitioner also states that his limited understanding of the English language at the time of the non-jury trial caused him to mistakenly believe the "controlling" sentence was the prior conviction, not the current one and, thus, until receipt of the 2004 information, he was unaware that he was serving time for the conviction at issue now. Id. at 4. In addition, petitioner reiterates the misunderstanding that occurred between post-conviction counsel, petitioner and petitioner's family which was presented in petitioner's opposing papers and addressed

by the magistrate judge in the Report. Id. at 5-8; *See* Report at 10-12.

Even liberally construing petitioner's objections, this Court agrees with the magistrate judge that petitioner's arguments presented in his opposition fail to provide sufficient justification warranting equitable tolling . This Court further finds petitioner presents no cogent facts or argument in his objections to the magistrate judge's report to further his equitable tolling claim. Petitioner has the burden of demonstrating that extraordinary circumstances exist to warrant equitable tolling. Spitsyn, 345 F.3d at 799; Stillman, 319 F.3d at 1203. This Court finds petitioner has failed to meet that burden. Accordingly, petitioner's objections are OVERRULED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's objections to the magistrate judge's report and recommendation [doc. # 13] are **OVERRULED**;

2. The magistrate judge's report and recommendation [doc. # 12] is **ADOPTED IN ITS ENTIRETY**;

3. Respondents' motion to dismiss the petition as untimely [doc. # 10] is **GRANTED**; and

4. The instant petition is **DISMISSED WITH PREJUDICE.**

DATED:   September 2, 2008

JOHN A. HOUSTON
United States District Judge