UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHHOUY CHHOUN,<br><br>             Petitioner,<br>v.<br>KATHY MENDOZA POWER,<br><br>             Respondent. | Civil No. 07CV1407 JAH(JMA)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY AND MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL [DOCS. # 17, 18]** |

    Petitioner, a state prisoner appearing *pro se*, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on August 1, 2007, challenging his conviction in state court. The matter was referred to Honorable Jan M. Adler, United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)B) and Local Rule HC.2(a). On November 02, 2007, respondent filed a motion to dismiss the petition as barred by the statute of limitations. Judge Adler issued a report and recommendation ("report") on April 21, 2008, recommending that this Court to dismiss the petition as untimely. Judge Adler found the petition, which was filed almost ten years after the limitation period expired, was untimely and petitioner was not entitled to statutory or equitable tolling. On May 16, 2008, petitioner filed objections to the magistrates judge's findings and conclusions contained in the report. This Court subsequently overruled petitioner's objections, adopted the report it its entirety, granted respondent's motion to dismiss and dismissed the petition as untimely filed.

//

On October 6, 2008, Petitioner filed a notice of appeal which included an applicationt for a certificate of appealability along with motion for appointment of counsel on appeal. *See* Docs. # 16, 17, 18.

**1.     Certificate of Appealability**

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show : (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

Here, petitioner appeals this Court's order dismissing the petition for writ of habeas corpus as untimely filed. In overruling petitioner's objections and dismissing the petition, this Court agreed with the magistrate judge's determination that petitioner presented insufficient evidence to support his claim that he was entitled to equitable tolling of the statute of limitations. *See* Doc. # 14 at 6-7. This Court finds that a certificate of appealability is not warranted in this instance because the dismissal of the petition under the circumstances here is not an issue debatable among jurists of reason nor could any other court resolve the issue in a different manner. Lambright, 220 F.3d at 1024-25. Accordingly, this Court **DENIES** petitioner's application for a certificate of appealability.

**2.     Motion for Appointment of Counsel on Appeal**

Petitioner also moves for appointment of counsel on appeal because he claims he cannot afford counsel. *See* Doc. # 18. This Court finds that petitioner's motion is best directed to the Ninth Circuit Court of Appeals. Accordingly, this Court **DENIES without prejudice** petitioner's motion, and directs petitioner to renew his motion for appointment of counsel before the Ninth Circuit Court of Appeals.

//

//

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's application for a certificate of appealability [doc. # 17] is **DENIED**; and

2. Petitioner's motion for appointment of counsel on appeal [doc. # 18] is **DENIED without prejudice** to renewal before the Ninth Circuit Court of Appeals.

DATED: October 14, 2008

JOHN A. HOUSTON
United States District Judge